# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**IN RE:**

| | | |
|---|---|---|
| **Danae L Shildt,** | : | Case No. 20-20844-GLT |
| | : | |
| **Debtor** | : | Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| **Danae L Shildt,** | : | |
| | : | Related to Document No. 100 |
| **Movant** | : | |
| | : | Hearing Date & Time: |
| vs. | : | September 22, 2021 at 10:30 AM |
| **Quicken Loans, LLC,** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Ronda J. Winnecour, Esquire** | : | |
| **Chapter 13 Trustee,** | : | |
| | : | |
| **Respondent** | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED ORDER CONFIRMING CHAPTER 13 SALE OF PROPERTY FREE AND DIVESTED OF LIENS

**AND NOW**, this _____ day of _____, 2021, on consideration of the *Movants' Motion for Sale of Property Free and Divested of Liens* to ***Richard Howard Pfeuffer and Mary Ann Kristoff-Pfeuffer***, for ***$310,000.00***, after hearing held in: (the Bankruptcy Courtroom, U.S. Courthouse, Courtroom "A", 54th Floor, US Steel Tower, 600 Grant Street, Pittsburgh, Pennsylvania 15219), this date, the Court finds:

1. That service of the notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondent, was effected on the following secured creditor whose liens are recited in said Motion for private sale, viz:

| **DATE OF SERVICE** | **NAME OF LIEN OR/AND SECURITY** |
|---|---|
| August 24, 2021 | Quicken Loans LLC<br>Attn: Brian C. Nicholas, Esquire<br>KML Law Group, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br>Collateral – real property located at 185 Stonewood Drive, Bethel Park, PA 15102 |
| August 24, 2021 | Ronda J. Winnecour, Chapter 13 Trustee |

Suite 3250, US Steel Building
600 Grant Street
Pittsburgh, PA 15219

2. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditor(s) and parties in interest by the moving party as shown by the certificate of service duly filed and that the named parties were duly served with the Motion.

3. That at the sale hearing, the highest/best offer received was that of the above Purchaser(s) and no objections to the sale were made which would result in the cancellation of said sale.

4. That the price of $ 310,000.00 offered by  Richard Howard Pfeuffer and Mary Ann Kristoff-Pfeuffer was a full and fair price for the property in question.

5. That the Purchaser(s) has acted in good faith with respect to the within sale in accordance with *In re: Abbotts Dairies of Pennsylvania, Inc.*, 788 F2d., 143 (3rd Cir. 1986).

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED**, that the sale by Special Warranty deed of the real property described as 185 Stonewood Drive, Bethel Park, PA 15102 is hereby **CONFIRMED** to ***Richard Howard Pfeuffer and Mary Ann Kristoff-Pfeuffer*** **for *$310,000.00***, free and divested of the above recited liens and claims, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of the sale;

**IT IS FURTHER ORDERED**, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims;

**FURTHER ORDERED** that the following expenses/costs shall immediately be paid at the time of closing. ***Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions***, including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order. Except as to the distribution specifically authorized herein, all remaining funds shall be held by Counsel for Movant pending further Order of this Court after notice and hearing.

(1) The following liens/claims: Quicken Loans LLC of $258,896.53;
(2) Delinquent real estate taxes and Municipal Claims, if any;
(3) Current real estate taxes and Municipal Claims, pro-rated to the date of closing;

    (4)    Court approved realtor commission in the amount of $ __6.0%__ or $18,600.00 Plus $300 Administrative Fee

    (5)    Court approved attorney fees in the amount of $1,500.00 Payable to McElrath Legal Holdings LLC;

    (6)    Chapter 13 Trustee "[percentage fees" in the amount of $_____ payable to *Ronda J. Winnecour, Chapter 13 Trustee P.O . Box 2587, Pittsburgh, PA* 15230;

    (7)    Debtor's claimed exemption (70% of the sale proceeds per Marital Property Settlement Agreement) in the amount of $20,105.50 to the Debtor;

    (8)    Debtors Non-Filing Ex-Husband (Carl Dahlstrom) is entitled to 30% of the sale proceeds per Marital Property Settlement Agreement in the amount of $9990.00.

    (9)    Fees described in paragraphs 5 & 6 of this to be paid exclusively from the debtor portion.

**FURTHER ORDERED** that:

1. ***Within seven (7) days of the date of this Order***, the Movant shall serve a copy of the within ***Order*** on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for debtor, the Closing Agent, the Purchaser, and the attorney for the Purchaser, if any, and file a certificate of service.

2. ***Closing shall occur within Sixty (60) days of this Order.***

3. ***Within seven (7) days following the closing***, the Movant shall file a ***Report of Sale***, which shall include a copy of the HUD-1 or other Settlement Statement; and

4. This *Sale Confirmation Order* survives any dismissal or conversion of the within case.

                        BY THE COURT:

                        _____
                        Gregory L. Taddonio,
                        United States Bankruptcy Judge